JUDGE COTE        **13 CIV 3593**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------

ADALBERTO GONZALEZ,

                               Plaintiff,

    -against-



COMPLAINT AND JURY DEMAND

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE
OFFICER EDWARD MCCLAIN, an employee of
The City of New York/New York City Police
Department and SERGEANT FERNANDO
SANTOS, an employee of The City of
New York/New York City Police Department,

                               Defendants
------------------------------------------------

       Plaintiff, by his attorneys, RONAI & RONAI, LLP, as and for his Complaint herein, respectfully sets forth and alleges:

### NATURE OF THE CASE

       1. This is an action for personal injuries, conscious pain and suffering and loss of freedom sustained by plaintiff ADALBERTO GONZALEZ, as a result of the recklessness, carelessness, negligence and or other wrongful acts and/or omissions of the defendants herein beginning on August 11, 2012, and continuing until on or about August 13, 2012.

1

## JURISDICTION AND VENUE

2. Jurisdiction over this claim and the defendants herein, exists pursuant to the United States Constitution, particularly provisions of the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under Federal law, and the Civil Rights Act, Title 42 of the United States Code, Section 1983, 1985, 1986 and 1988, and rights under the Constitution and laws of the State of New York.

3. Venue lies in the Southern District of New York in that the plaintiff resides within the Southern District of New York and all of the relevant events occurred, transpired, and/or originated within the Southern District of New York.

## THE PARTIES

4. That at all times herein mentioned Plaintiff ADALBERTO GONZALEZ was and still is a resident of the County of Bronx, City and State of New York.

5. That at all times herein mentioned, the defendant THE CITY OF NEW YORK was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

6. That at all times herein mentioned, the defendant THE CITY OF NEW YORK was a corporation doing business in the State of New York.

12. That at all times herein mentioned, the defendant THE CITY OF NEW YORK operated a police department, including the 41st Precinct, as part of and in conjunction with its municipal function.

13. That at all times herein mentioned, the defendant THE CITY OF NEW YORK maintained said police department and precinct.

14. That at all times herein mentioned, the defendant THE CITY OF NEW YORK managed said police department and precinct.

15. That at all times herein mentioned, the defendant THE CITY OF NEW YORK controlled said police department and precinct.

16. That at all times herein mentioned, the defendant THE CITY OF NEW YORK, its servants, agents and/or employees employed police officers, and other personnel, to work as representatives of THE CITY OF NEW YORK.

17. That at all times herein mentioned, the defendant THE CITY OF NEW YORK had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

18. That at all times herein mentioned, the defendant THE CITY OF NEW YORK, had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

19. That at all times herein mentioned, the defendant THE CITY OF NEW YORK employed police officers EDWARD MCCLAIN and FERNANDO SANTOS, to work as representatives of THE CITY OF NEW YORK.

20. That at all times herein mentioned, the defendants EDWARD MCCLAIN and FERNANDO SANTOS, were and are intended herein as being servants, agents, employees and/or representatives of the defendant THE CITY OF NEW YORK.

21. That at all times herein mentioned, the defendant THE CITY OF NEW YORK had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of the defendants EDWARD MCCLAIN and FERNANDO SANTOS, , conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

28. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

29. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT, had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

30. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT employed police officer EDWARD MCCLAIN and sergeant FERNANDO SANTOS, to work as representatives of NEW YORK CITY POLICE DEPARTMENT.

31. That at all times herein mentioned, the defendants EDWARD MCCLAIN and FERNANDO SANTOS were and are intended herein as being servants, agents, employees and/or representatives of the defendant NEW YORK CITY POLICE DEPARTMENT.

32. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of the defendants EDWARD MCCLAIN and FERNANDO SANTOS conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

33. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the defendants EDWARD MCCLAIN and FERNANDO SANTOS' conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

34. That at all times herein mentioned, the defendants EDWARD MCCLAIN and FERNANDO SANTOS had the duty to ensure that their actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

35. That at all times herein mentioned, the defendants EDWARD MCCLAIN and FERNANDO SANTOS had the duty to conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others,

including the plaintiff herein.

36. That on the 11th day of August, 2012, the plaintiff ADALBERTO GONZALEZ, was lawfully present in the vicinity of 1290 Randall Avenue, in the County of Bronx, City and State of New York.

37. That on the 11th day of August, 2012, the plaintiff ADALBERTO GONZALEZ, was lawfully and peacefully leaning and/or seated upon a stationary motorized bike in the vicinity of 1290 Randall Avenue, in the County of Bronx, City and State of New York.

38. That on the 11th day of August, 2012, the defendants EDWARD MCCLAIN and FERNANDO SANTOS were present in the vicinity of 1290 Randall Avenue, in the County of Bronx, City and State of New York.

39. That on the 11th day of August, 2012, the defendants EDWARD MCCLAIN and FERNANDO SANTOS were present the vicinity of 1290 Randall Avenue, in the County of Bronx, City and State of New York, in the course and scope of their employment as police officers for the defendant THE CITY OF NEW YORK.

40. That on the 11th day of August, 2012, the defendants EDWARD MCCLAIN and FERNANDO SANTOS were present in the vicinity of 1290 Randall Avenue, in the County of Bronx, City and State of New York, in the course and scope of their employment as police officers for the defendant NEW YORK CITY

9

POLICE DEPARTMENT.

41. That on the 11th day of August, 2012, defendants EDWARD MCCLAIN and FERNANDO SANTOS were operating a marked police department motor vehicle, bearing license plate number (NYPD) 3256-10, in the course and scope of their employment as police officers for the defendant THE CITY OF NEW YORK.

42. That on the 11th day of August, 2012, defendants EDWARD MCCLAIN and FERNANDO SANTOS were operating a marked police department motor vehicle, bearing license plate number (NYPD) 3256-10, in the course and scope of their employment as police officers for the defendant NEW YORK CITY POLICE DEPARTMENT.

43. That on the 11th day of August, 2012, defendants EDWARD MCCLAIN and FERNANDO SANTOS were operating said marked police department motor vehicle, bearing license plate number (NYPD) 3256-10, in conjunction with their duties assigned, promulgated and directed by the Conditions Unit of said police department and/or 41st precinct thereof.

44. That on the 11th day of August, 2012, defendants EDWARD MCCLAIN and FERNANDO SANTOS were operating said marked police department motor vehicle, bearing license plate number (NYPD) 3256-10, in conjunction with their duties as part of a quality of life sweep and/or enforcement, assigned, promulgated and directed by the Conditions Unit of said police department and/or 41st precinct thereof.